**Francisco Javier ESCOBAR ORDONEZ, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 75–2911**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Eugenio Cazorla, Dallas, Tex., for petitioner.

James Morris, Acting Chief, Gov. Reg. Sec., Rex Young, Crim. Div., Washington, D. C., Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Bernabe Q. Maldonado, Trial Atty., U. S. Immig. & Nat. Ser., San Antonio, Tex., Troy A. Adams, Jr., Dist. Director, Immig. & Nat. Ser., New Orleans, La., Judith Shepherd, Asst. U. S. Atty., Dallas, Tex., for respondent.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Francisco Javier Escobar Ordonez appeals from the denial by both the immigration judge and the Board of Immigration Appeals of his request to reopen his deportation proceedings pursuant to 8 U.S.C. § 1251(f).

Escobar Ordonez was found deportable under 8 U.S.C. § 1251(a)(1) as an alien who was excludable by law at the time of his entry. He was found excludable under 8 U.S.C. § 1182(a)(19) for having procured his visa by fraud and under 8 U.S.C. § 1182(a)(20) for having entered the United States without a valid visa. At the deportation hearing Escobar Ordonez conceded deportability; he admitted that he had obtained his visa by fraud and, therefore, that he was not in possession of a valid visa when he entered this country. He received his visa by representing to the American Consul that he was married to an American citizen. This marriage proved to be void from its inception because, at the time of the marriage, he was still married to a Colombian citizen.

The immigration judge granted Escobar Ordonez 30 days in which to voluntarily leave the country instead of ordering him deported. No appeal was taken from this order; however, within the 30 day period he divorced his Colombian wife and married yet a different American citizen. He then requested that the proceedings be reopened and asserted that he was no longer deportable because of the statutory forgiveness clause, 8 U.S.C. § 1251(f), which provides:

The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

Escobar Ordonez claims (i) his deportation is expressly based on a fraudulently procured visa, (ii) he is now validly married to an American citizen and, therefore, (iii) he is saved from deportation by the forgiveness section.

*Reid v. INS*, 420 U.S. 619, 95 S.Ct. 1164, 43 L.Ed.2d 501 (1975) severely limited the breadth of the application of the forgiveness section by foreclosing any inquiry beyond a formalistic examination of the statutory section used by the INS to deport an alien. In *Reid* the Supreme Court held, with one minor exception, that the forgiveness clause is only applicable where § 1182(a)(19) (fraud) is the ground for excludability. In *Castro-Guerrero v. INS*, 515 F.2d 615 (5th Cir. 1965) this court interpreted *Reid* to require that § 1182(a)(20) (invalid visa) could not be a ground that would allow the use of the forgiveness section. Escobar Ordonez attempts to distinguish his fact situation from both *Reid* and *Castro* in that he was found excludable both under § (19), which is reviewable under

the forgiveness section, *and* § (20), which is not reviewable under the section. In light of the clear mandate in *Reid* to limit the use of the forgiveness section and the explicit holding in *Castro* that the § 1182(a)(20) ground is not reviewable under this section, Escobar Ordonez' attempted distinction is without a difference.

Escobar Ordonez urges that this interpretation of the applicability of the forgiveness section would operate to vest arbitrary discretion in the INS to formulate charges in such a manner as to deny aliens reviewability under this section. Such a rationalization is not open to debate here. *Reid* requires the instant decision.

Escobar Ordonez finally alleges that he fits within the one exception *Reid* left intact. He claims the statutory language in this exception, 8 U.S.C. § 1181, and the language in § 1182(a)(20) are similar and, therefore, the latter ground is similarly excepted. The sections, however, are widely different in their thrusts. Section 1181 provides the mechanism to enforce immigration quotas; § 1182(a)(20) is a general immigration barrier of broad application. *Compare INS v. Errico*, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966) *with Reid v. INS*, 420 U.S. 619, 95 S.Ct. 1164, 43 L.Ed.2d 501 (1975). In addition, the express refusal of *Castro* to allow reopening under the forgiveness section when § 1182(a)(20) is asserted as a ground binds this panel on this issue.

Since the forgiveness section does not allow the reopening of deportation proceedings where § 1182(a)(20) is the basis of the deportation, the Board properly refused to reopen Escobar Ordonez' deportation proceedings even though the companion ground asserted, § 1182(a)(19), standing alone would have permitted reopening.

Affirmed.