587 F.2d 872
 48 A.L.R.Fed. 275
 Agustin COBIAN-HERNANDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
Juan AREVALO-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
Ricardo CARPINTERO-SEPULVEDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 78-1337 to 78-1339.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 1, 1978.
Decided Nov. 29, 1978.
Rehearing Denied Dec. 22, 1978.
 
 Joseph B. Gilbert, Robert D. Ahlgren, Chicago, Ill., for petitioners.
 Lauri Steven Filppu, Dept. of Justice, Washington, D. C., for respondent.
 Before CUMMINGS, SPRECHER and BAUER, Circuit Judges.
 PER CURIAM.
 
 
 1
 These three cases were argued together because they present a common question, Viz., whether Section 241(f) of the Immigration and Nationality Act precludes deportability based on a finding that the aliens were excludable at the time of their entry because they did not meet the labor certification requirements of Section 212(a)(14) of the Act. We answer the question in the negative and affirm the deportation orders.
 
 
 2
 The three petitioners (described throughout this opinion by the foreparts of their surnames) entered the United States claiming they were married to United States citizens and that they were therefore exempt from the labor certification requirements of Section 212(a)(14) of the Act.[1] Subsequently each of them procured divorces, remarried, and fathered United States citizen children by their new wives. Show cause orders were issued by the respondent against petitioners asserting that they were deportable under Section 241(a)(1) of the Act (8 U.S.C. § 1251(a)(1)) for various reasons: (1) all three petitioners were excludable for lacking the labor certification required by Section 212(a)(14); (2) Cobian and Carpintero were also excludable under Section 212(a)(19) because they procured their visas by fraud, namely, their sham marriages to United States citizens;[2] and Arevalo and Carpintero were additionally excludable under Section 212(a)(20) for want of a valid immigration visa at entry.[3] The petitioners claim that as parents of United States citizens they are exempt from deportation under Section 241(f) of the Act (8 U.S.C. § 1251(f)).[4]
 
 
 3
 In Cobian's case (our No. 78-1337), the Immigration and Naturalization Service found him deportable because he lacked labor certification at entry in violation of Section 212(a)(14) of the Act and was not then married to a United States citizen so as to be exempt from the labor certification requirement. The immigration judge also found Cobian deportable under Section 212(a)(19) of the Act because "the evidence in this case establishes that the respondent (Cobian) was married to an imposter (of unknown citizenship) who used the name of Graciela Ramirez and her birth record to enable the respondent to obtain an immigrant visa" (A.R. 31).[5] He concluded that Cobian was exempt only from the Section 212(a)(19) deportation by virtue of the waiver or savings clause of Section 241(f) applicable to him as the father of a United States citizen. The Board of Immigration Appeals affirmed his deportability because in its view Section 241(f) did not excuse the Section 212(a)(14) violation.
 
 
 4
 As to Arevalo's case (our No. 78-1338), the petitioner admitted that he lacked a labor certification at the time of his entry as required by Section 212(a) (14) and that he was also excludable because he was not in possession of a valid immigration visa as required by Section 212(a)(20) of the Act. The immigration judge found Arevalo deportable on the 212(a)(14) and 212(a)(20) grounds and not exempt under Section 241(f) because of the birth of a citizen child in Chicago, Illinois. Holding Section 241(f) inapplicable to a Section 212(a)(14) violation,[6] the Board of Immigration Appeals dismissed Arevalo's appeal.
 
 
 5
 As to Carpintero's case (our No. 78-1339), the petitioner admitted the charges of violating Section 212(a)(14) (lack of labor certification), Section 212(a) (19) (visa obtained by fraud), and Section 212(a)(20) (no valid immigration visa at entry). Because of the birth of Carpintero's two citizen children in Chicago, the immigration judge ruled that he was exempt from deportation by Section 241(f) of the Act but only on the Section 212(a)(19) charge. Again the Board of Immigration Appeals dismissed the appeal because of his Section 212(a) (14) offense.[7]
 
 
 6
 Ingeniously, Cobian's counsel seeks to differentiate his client's case from the other two on the ground that Section 212(a)(14) specifically exempted Cobian from a labor certification because he was married to United States citizen Graciela Ramirez on September 28, 1971, approximately nine months prior to his entry into the United States from Canada. Cobian claims that Graciela Ramirez was born in Brownsville, Texas, on November 28, 1946. However, at the hearing before the immigration judge, Graciela Ramirez Galvez was a witness and testified that she was born in Brownsville, Texas, on November 28, 1946, married Jesus Galvez in Chicago on March 24, 1973, and had never married Cobian nor even seen him before. Cobian agreed that he had not married the Graciela Ramirez present at the hearing, but asserted that he had married someone purporting to be the Graciela Ramirez who was born in Brownsville, Texas, on November 28, 1946. The immigration judge credited Mrs. Galvez's testimony and therefore concluded that Cobian was not a spouse of a United States citizen at the critical time. The Board of Immigration Appeals agreed that the evidence advanced by the Service was more credible than Cobian's evidence (A.R. 3). Because of this credibility determination we hold that Cobian was not exempt from Section 212(a)(14) on the ground that he was married to a United States citizen. Consequently, Cobian's case presents precisely the same issue as Arevalo's and Carpintero's. The sole question before us is whether the waiver provision of Section 241(f) (note 4 Supra ) prevents the deportation of the petitioners who did not have the necessary labor certifications at the time of their entry into the United States.
 
 
 7
 These cases are controlled, Inter alia, by Reid v. Immigration and Naturalization Service, 420 U.S. 619, 95 S.Ct. at 1164, 43 L.Ed.2d 501; Cacho v. Immigration and Naturalization Service, 547 F.2d 1057 (9th Cir. 1976); and David v. Immigration and Naturalization Service, 578 F.2d 1373 (3d Cir. 1978), certiorari denied, --- U.S. ----, 99 S.Ct. 312, 58 L.Ed.2d 320.
 
 
 8
 In Reid, the Supreme Court held that Section 241(f) waives deportation for aliens who are excludable at the time of entry by reason of the fraud specified in Section 212(a)(19). The Reid Court said that Section 241(f) does not extend to any of the grounds of excludability specified in Section 212(a) other than subsection (19). As the Court stated (420 U.S. at pages 630-631, 95 S.Ct. at page 1171):
 
 
 9
 "Congress, in enacting § 241(f), was intent upon granting relief to limited classes of aliens whose fraud was of such a nature that it was more than counterbalanced by after-acquired family ties; it did not intend to arm the dishonest alien seeking admission to our country with a sword by which he could avoid the numerous substantive grounds for exclusion unrelated to fraud, which are set forth in § 212(a) of the Immigration and Nationality Act" (footnote omitted).
 
 
 10
 Similarly, Cacho v. Immigration and Naturalization Service, 547 F.2d 1057, 1062 (9th Cir. 1976), held that the Section 241(f) waiver does not reach the Section 212(a)(14) ground for exclusion. At the oral argument, we were told by counsel for Arevalo and Carpintero that the Third Circuit has recently reached the same conclusion in David v. Immigration and Naturalization Service, 578 F.2d 1373 (3d Cir. 1978), certiorari denied, --- U.S. ----, 99 S.Ct. 312, 58 L.Ed.2d 320, where it denied the alien's petition for review without opinion.[8] We agree with these decisions. While petitioners assert that our so holding will cause various inconsistencies to surface in the Act, their remedy lies with Congress, not judicial legislation.
 
 
 11
 Accordingly, these three petitions for review are denied and the decisions of the Board of Immigration Appeals are affirmed.
 
 
 
 [1]
 At the time of their entry, Section 212(a)(14) of the Act (8 U.S.C. § 1182(a)(14)) provided for the exclusion from admission into the United States of:
 "Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph Shall apply to special immigrants defined in section 1101(a)(27)(A) of this title (Other than the parents, Spouses, or children Of United States citizens or of aliens lawfully admitted to the United States for permanent residence), to preference immigrant aliens described in sections 1153(a)(3) and 1153(a)(6) of this title, and to nonpreference immigrant aliens described in section 1153(a) (8) of this title." (Emphasis supplied.)
 
 
 [2]
 Section 212(a)(19) of the Act (8 U.S.C. § 1182(a)(19)) provides for the exclusion from admission into the United States of:
 "Any alien who seeks to procure, or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact;"
 
 
 [3]
 Section 212(a)(20) of the Act (8 U.S.C. § 1182(a)(20)) provides for the exclusion from admission into the United States of:
 "Except as otherwise specifically provided in this chapter, any immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa * * * ;"
 
 
 [4]
 Section 241(f) provides as follows:
 "The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent or a child of a United States citizen or of an alien lawfully admitted for permanent residence."
 
 
 [5]
 The immigration judge concluded that Cobian's deportability on both the 212(a)(14) and 212(a)(19) charges had been established by clear, convincing and unequivocal evidence (A.R. 29). The Board of Immigration Appeals so understood in stating that the immigration judge had found Cobian excludable on both grounds (A.R. 1; see also A.R. 4)
 At the end of his decision, as an act of generosity toward Cobian, the immigration judge afforded Cobian the privilege of voluntary departure because he may not have been personally involved in the marriage misrepresentation. This of course did not negate the finding earlier that Cobian had never been married to United States citizen Graciela Ramirez (later Mrs. Jesus Galvez) or indeed to any citizen of this country at the time of his entry. If Cobian had been able to show his valid marriage to a United States citizen when he entered this country, then the exemption of Section 212(a)(14) would have been applicable as his counsel suggests.
 
 
 [6]
 In accordance with a suggestion of the Government, we do not reach the question whether Arevalo would have been eligible for Section 241(f) relief had he only been found excludable under Section 212(a)(20), for neither the immigration judge nor the Board of Immigration Appeals reached that question
 
 
 [7]
 Although the immigration judge and the Board of Immigration Appeals decided Carpintero was not exempt from deportation by Section 241(f) on the Section 212(a)(20) charge as well, we will reserve that issue for another day because we agree he is deportable under Section 212(a)(14)
 
 
 [8]
 Similarly, to the effect that Section 241(f) forgives only Section 212(a) (19) fraud, see Escobar Ordonez v. Immigration and Naturalization Service, 526 F.2d 969, 971 (5th Cir. 1976), certiorari denied, 430 U.S. 923, 97 S.Ct. 1343, 51 L.Ed.2d 603; Pereira-Barreira v. Immigration and Naturalization Service, 523 F.2d 503, 508 (2d Cir. 1975); Guel-Perales v. Immigration and Naturalization Service, 519 F.2d 1372, 1373 (9th Cir. 1975); Castro-Guerrero v. Immigration and Naturalization Service, 515 F.2d 615, 618 (5th Cir. 1975); Matter of Montemayor, I § N Doc. (ID 2399 BIA 1975). In DeLeon v. Immigration and Naturalization Service, 547 F.2d 142, 149 (1976), the Second Circuit reiterated its view that Section 241(f) is to be construed narrowly