Maria Monina **RAQUENO**, Nee Ureta, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE,** Respondent.

No. 80–3263.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1981.

Rehearing Denied Jan. 18, 1982.

David A. Kattan, Sheryl L. Hopkins, New Orleans, La., for petitioner.

James P. Morris, Lauri Steven Filppu, Stephen M. Weglian, Jr., Dept. of Justice, Washington, D. C., for respondent.

Petition for Review of an Order of the Immigration and Naturalization Service.

Before COLEMAN, REAVLEY and SAM D. JOHNSON, Circuit Judges.

**556**

REAVLEY, Circuit Judge:

The petitioner Maria Monina Raqueno, nee Ureta, appeals from a denial by the Board of Immigration Appeals of her motion to reopen and reconsider an order of deportation entered against her on an earlier date. In the earlier deportation proceeding, Raqueno was found deportable under § 241(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(1), on the ground that she was excludable at the time of entry as an alien not in possession of a valid immigrant visa under § 212(a)(20) of the INA, 8 U.S.C. § 1182(a)(20). We deny the petition for review.

Raqueno argues that § 241(f) of the INA, 8 U.S.C. § 1251(f), which prevents the deportation of certain aliens who entered the United States using a visa procured by "fraud or misrepresentation," applies to her because her immigrant visa was invalid due to her innocent misrepresentation of her marital status.[1] Her argument fails as we are bound by an earlier decision of this court. As voiced in *Escobar Ordonez v. INS*, 526 F.2d 969 (5th Cir.), *cert. denied*, 426 U.S. 938, 96 S.Ct. 2655, 49 L.Ed.2d 390 (1976), the rule of this circuit is that the use of § 212(a)(20) of the INA, 8 U.S.C. § 1182(a)(20), to exclude an alien rather than § 212(a)(19) of the INA, 8 U.S.C. § 1182(a)(19), prevents forgiveness under INA § 241(f), 8 U.S.C. § 1251(f). INA § 241(f) does not forgive aliens found excludable under INA § 212(a)(20) (admission without valid visa); it does forgive aliens found excludable under INA § 212(a)(19) (procurement of visa by misrepresentation of fact). Thus, since Raqueno was not found excludable under INA § 212(a)(19), but rather under § 212(a)(20), she is not entitled to relief under § 241(f).[2]

Accordingly, the petition is DENIED.

---

1. Raqueno's mother, a resident alien, petitioned to have Raqueno, a citizen of the Philippines, admitted to the United States as the *unmarried* daughter "of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1153(a)(2). After the petition was approved, Raqueno married, received a visa, entered the United States, and in time gave birth to two children.

2. We understand that the formalistic examination required by *Ordonez* allows the Immigration & Naturalization Service to avoid INA § 241(f) and in effect read the forgiveness provision out of the Act. Yet this panel, as noted at argument and in the text, is unable to disregard prior circuit precedent.