Daniel **MORALES–CRUZ,** Petitioner,

v.

**UNITED STATES of America, Department of Justice, Immigration and Naturalization Service, Respondents.**

No. 81–4162
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1982.

Patrick M. Reily, New Orleans, for petitioner.

Stephen M. Weglian, Jr., Lauri Steven Filppu, Allan P. Mackinnon, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for respondents.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In 1973 Mr. Morales-Cruz, a citizen of Nicaragua, was admitted to the United States upon an immigrant visa. In obtaining the visa he had claimed a purported marriage to an American citizen. It is now conceded that this purported marriage was fraudulent. His putative wife was already married and had been paid by appellant's brother to enter into the marriage. There had never been any intention that this was or was ultimately to become a real marriage.

Because of the purported marriage, appellant Cruz did not comply with the labor certification requirement in Section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(14):

Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of

Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply to special immigrants defined in section 1101(a)(27)(A) of this title (*other than the parents, spouses, or children of United States citizens or of aliens lawfully admitted to the United States for permanent residence*), to preference immigrant aliens described in sections 1153(a)(3) and 1153(a)(6) of this title, and to non preference immigrant aliens described in section 1153(a)(8) of this title. [emphasis added]

Under the emphasized provision, it is noted that a labor certificate is not required if the spouse of the applicant is a United States citizen or an alien lawfully admitted for permanent residence.

Appellant was charged with an order to show cause why he should not be deported under § 212(a)(19), 8 U.S.C. § 1182(a)(19), which prohibits procuring a visa by fraud, under § 212(a)(20), 8 U.S.C. § 1182(a)(20), which prohibits using an invalid entry document, and under § 212(a)(14), 8 U.S.C. § 1182(a)(14), which prohibits entry without a valid labor certificate, in view of the fact that his purported marriage was fraudulent.

Appellant conceded he was deportable except for the forgiveness provision of the statute, § 241(f), 8 U.S.C. § 1251(f), which provides:

(f) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry, who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

Appellant asserted that he was entitled to the waiver because he had now contracted a valid marriage with a Cuban refugee alien who had been admitted to the United States for permanent residence.

The immigration judge held the petitioner deportable on all three grounds charged as set out above and ruled that he was not eligible for the waiver under § 241(f). The Board of Immigration Appeals dismissed the appeal on the ground that § 241(f) did not apply. Since it found deportability under § 212(a)(14) for not having had a valid labor certificate when he entered the United States, the Board did not consider the § 212(a)(19) and (20) claims. Morales-Cruz appeals this decision of the Board of Immigration Appeals.

### The Statutory Pattern

The issue before the Court is whether the forgiveness provision, forgiving fraud in obtaining an immigration visa to those who now have the requisite family ties in the United States, applies to a fraudulent marriage which was used to avoid the requirement of obtaining a labor certificate under § 212(a)(14). The government concedes that this issue is a matter of first impression in this Circuit.

Although this precise issue has not been before this Court, the principles upon which it must be resolved are well established. They are set out in clear and succinct detail in *Castro-Guerrero v. Immigration and Naturalization Service*, 515 F.2d 615 (5th Cir. 1975). In that case, Judge Brown described the development of the interpretation of the forgiveness provision, § 241(f). There is no need to repeat that entire history here. A brief summary is all that is necessary.

Under § 212(a), 8 U.S.C. § 1182(a), there are thirty-one classes of aliens who are made ineligible to receive visas. Aliens who are members of these thirty-one classes are also made deportable if found to have gained entry to the country in spite of their ineligibility. § 241(a), 8 U.S.C. § 1251(a). Before *Reid v. INS*, 420 U.S. 619, 95 S.Ct. 1164, 43 L.Ed.2d 501 (1975), the federal courts had expressed widely divergent views as to the scope of the forgiveness feature in § 241(f). Some courts felt that it forgave all deportable situations when entry had been gained by fraud. Others took the position that the provision was designed only to save from deportability those who had obtained their entry by fraud under § 212(a)(19).

As Judge Brown indicated in his opinion in *Castro-Guerrero*, the Supreme Court in the *Reid* case substituted a "bright lines test". It found a § 241(f) waiver of the fraud on the part of the alien in only two situations, where the alien is sought to be deported for excludability under the quota restrictions, and where the alien used fraudulent documents in violation of § 212(a)(19) itself. If the alien is deportable under any other of the classes of ineligibility the forgiveness feature is not applicable. *Castro-Guerrero* himself was found to be deportable under § 212(a)(20) for having obtained entry into the United States through an Alien Registration Receipt Card which was no longer valid.

This holding and its reasoning were confirmed in *Escobar Ordonez v. INS*, 526 F.2d 969 (5th Cir. 1976), where an admittedly fraudulent visa was submitted to obtain admission, and the requisites of § 241(f) as to family connection were met. But this Court nevertheless held that even with the element of fraud, the appellant was deportable under § 212(a)(20) for presenting an invalid visa. The Court again reaffirmed the fundamental principle that the forgiveness feature does not apply to any grounds for deportation other than the quota restrictions and § 212(a)(19) involving fraud itself. This bright line rule, barring appli-

cation of the forgiveness provision even in a deportation involving § 212(a)(20), has again been confirmed by this Court as recently as December 10, 1981. *Raqueno v. INS*, 663 F.2d 555 (5th Cir. 1981).

Although the principles are clearly established, this Court has not passed upon whether the forgiveness feature is applicable if deportation is otherwise justified under § 212(a)(14) for failure to present a labor certificate when the labor certificate requirement was waived because of a marriage later found to be fraudulent.

### The Statutes Applied

Appellant makes a claim that the labor certificate provision does not apply in his case because the United States government did not carry the burden of proof that he entered the United States for the "purpose" of working. We dispose summarily of this objection. At the hearing appellant through his counsel conceded that he "entered with the necessity of working; not with the purpose of working." This is obviously a play upon words and is a frivolous claim. He obviously intended to work, and this is clearly within the statutory provision requiring entry "for the purpose of" working.

The basic thrust of appellant's claim is that the government is trying to lift itself by its own bootstraps in this situation. He concedes that he used his fraudulent marriage as a means of entering the United States without a labor certificate. His visa was stamped with the phrase "labor certificate not required". Yet, the only reason that he is now being deported is that he did not have a labor certificate which he would have been required to have if it had not been for his fraudulent marriage. He asserts, therefore, that it is solely upon the basis of his fraud that he is alleged to be deportable, and that § 241(f), the forgiveness provision, was designed for the very purpose of excusing admission obtained by fraud when the person under the deportation order now meets the family requirements of that section. Appellant sees his

deportation on the ground of the failure to have had a labor certificate when he entered the country as a device under which the Immigration and Naturalization Service circumvents the policy of § 241(f).

This contention is of no avail. Under the restrictive interpretation of § 241(f) in the *Reid* case, as carried out by the cases decided in this Court, even the very closely related charge of presenting an invalid visa under § 212(a)(20) is not sufficiently related to 212(a)(19) and its requirement of fraud to bring the forgiveness provision into play.

It is true that *Persaud v. INS*, 537 F.2d 776 (3rd Cir. 1976), and *Cacho v. INS*, 547 F.2d 1057 (9th Cir. 1976), have held that § 212(a)(20) is so closely related to § 212(a)(19) that the fraudulent presentation of a visa would allow the forgiveness feature to be applied even though the charge of deportability was brought under § 212(a)(20). As mentioned above, the Board in this case did not consider the relationship of § 212(a)(20) to the forgiveness provision because it was not necessary to do so once the Board decided the forgiveness provision did not apply in a § 212(a)(14) labor certificate case.

The issue here, then, is solely whether a wholly separate provision involving the labor certification requirement, § 212(a)(14), can be made subject to the forgiveness of § 241(f). The *Reid* case, the decisions in this Court, and decisions elsewhere all stand for the proposition that § 212(a)(14) is a separate, independent provision barring alien admission. On an issue of deportability, it is not related to § 212(a)(19) or (20) and is not subject to the forgiveness provision. It would fly directly in the face of the restrictive interpretation of the forgiveness provision contained in the *Reid* case to hold otherwise. The same case in the Ninth Circuit, *Cacho*, which held that § 212(a)(20) cases were subject to the forgiveness provision held flatly as to one of the appellants there involved, on facts virtually identical to the principal case, that deportation under

§ 212(a)(14) is not subject to the forgiveness provision. In that case as well as here a labor certificate had not been obtained because a fraudulent marriage was claimed. *Accord: David v. INS*, 578 F.2d 1373 (3rd Cir. 1978), *cert. denied*, 439 U.S. 927, 99 S.Ct. 312, 58 L.Ed.2d 320 (1978); *Cobian-Hernandes v. INS*, 587 F.2d 872 (7th Cir. 1978); *Skelly v. INS*, 630 F.2d 1375 (10th Cir. 1980).

[4] Following the bright line test of the *Reid* case, the conclusion is inescapable that § 241(f) may not be used by this appellant to avoid deportation for failure to have submitted a labor certificate at the time of his admission to this country. The reasoning of the *Reid* case makes clear that the purpose of the forgiveness provision is to protect the family interests when the sole ground for deportability is the fraudulent submission of documents. It was not meant to forgive fraudulent documentation used to circumvent policies forbidding admission, for example, to those with criminal records or mental illnesses, nor to circumvent the important policy established by the labor certification requirement of § 212(a)(14).

We therefore affirm the decision of the Board holding appellant deportable under § 212(a)(14) for lack of labor certification upon entry into the United States. Since petitioner was found to be deportable under that provision, he may not claim the benefit of the forgiveness section, § 241(f).

AFFIRMED.