967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lukumon Okunola SHITTU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70307.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992*
Decided June 18, 1992.
 
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Lukumon Okunola Shittu petitions this court for review of the Board of Immigration Appeals' decision finding him deportable and not entitled to relief from deportation.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Shittu, a native of Nigeria, entered this country on or around March 9, 1989, as a non-immigrant visitor. His visa permitted him to stay until March 9, 1990.
 
 
 4
 On or around April 30, 1990, petitioner is alleged to have committed assault with a deadly weapon, a knife. A complaint was lodged against him on May 2, 1990, in the Superior Court of Stanislaus County, charging him with one count of assault with a deadly weapon and one count of assault with force likely to produce great bodily injury.
 
 
 5
 Petitioner pleaded guilty to the count of assault with force likely to produce great bodily injury on May 14, 1990. He was sentenced to 240 days in the Stanislaus County Jail on June 11, 1990, of which he served 118. He was also sentenced to three years probation.
 
 
 6
 The officers of the INS encountered petitioner in the Stanislaus County Jail on October 5, 1990, and issued an order to show cause why he should not be deported that very day. Petitioner was released on a bond of $7,500 at his bond hearing on October 11, 1990. He appeared before an Immigration Judge at the INS El Centro Detention Facility on November 8, 1990, and was advised to bring witnesses, documents, and an attorney, if he so desired, to his deportation hearing set for January 11, 1991.
 
 
 7
 At his deportation hearing, petitioner appeared without counsel. When asked if he had counsel, he replied, "Not yet." The Immigration Judge proceeded, noting that petitioner had been warned that he needed to have hired counsel by this time.
 
 
 8
 Petitioner admitted that he overstayed his visa, but thought that he might be entitled to some relief because he is engaged to a United States citizen, and his child is a United States citizen.
 
 
 9
 The Immigration Judge found petitioner deportable, and denied suspension of deportation because petitioner had not been physically present in the United States long enough to meet the statutory requirement for eligibility. He also denied petitioner the privilege of voluntary departure as a matter of law, holding that petitioner's conviction was a conviction for a crime of moral turpitude, precluding a finding of good moral character. He also stated that he would deny voluntary departure as matter of discretion because of petitioner's conviction.
 
 
 10
 The Board of Immigration Appeals ("BIA") affirmed, but noted that while petitioner's conviction may not have made him deportable, because he was convicted of a serious felony, his conviction indicated that he was not a person of good moral character. However, the BIA concluded that because petitioner did not present any evidence that he was eligible for voluntary departure, the issue of whether he should be granted it as a matter of discretion did not need to be decided.
 
 
 11
 Petitioner timely filed his petition for review. We have jurisdiction, 8 U.S.C. § 1105a(a), and we affirm.
 
 STANDARD OF REVIEW
 
 12
 This court determines whether there is reasonable, substantial, and probative evidence in the record to support the BIA's decision that the INS carried its burden of proving deportability. Hernandez-Robledo v. INS, 777 F.2d 536, 539 (9th Cir.1985). We review a claim of denial of due process de novo. Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir.1988). "The BIA's denial of suspension of deportation is reviewed for abuse of discretion." Hernandez-Robledo, 777 F.2d at 541. In reviewing a denial of a request for voluntary departure, we may examine only whether discretion was exercised and whether it was exercised in an arbitrary and capricious manner. Cuevas-Ortega v. INS, 588 F.2d 1274, 1278 (9th Cir.1979).
 
 DISCUSSION
 I. Overstay
 
 13
 The facts alleged for deportation must be proven by "clear, unequivocal and convincing evidence...." Woodby v. INS, 385 U.S. 276, 286 (1966). In order to deport an alien for overstaying his visa, the INS must show by clear and convincing evidence "that the alien was admitted as a non-immigrant for a specific period, that the period has elapsed, and that the alien is still in this country." Shahla v. INS, 749 F.2d 561, 563 (9th Cir.1984). An alien's admission that he was authorized to stay in the United States for a specific period of time which has elapsed and that he has not departed is clear and convincing evidence of deportability. Id. Petitioner Shittu admitted that he entered the United States as a non-immigrant on or about March 9, 1989; that he was authorized to remain for only a year; and that he stayed beyond the period authorized. See Transcript of Deportation Hearing at 2-3. The INS has proven deportability by clear and convincing evidence.
 
 
 14
 Petitioner claims that he was precluded from leaving because of his incarceration by the state of California. Petitioner does not account for his failure to depart during the period between the time his visa expired, March 9, 1990, and the time when a complaint was lodged against him, May 2, 1990. Petitioner became deportable once his visa expired.
 
 II. Estoppel
 
 15
 Petitioner argues that the INS failed to begin deportation proceedings as expeditiously as required by 8 U.S.C. § 1252, subsections (a), (h), and (i), and should be estopped from deporting him. Section 1252(a) provides in relevant part:
 
 
 16
 Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or parole pending final decision of deportability upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability.
 
 
 17
 Section 1252(h) provides in relevant part, "Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be a ground for deferral of deportation." Section 1252(i) provides, "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceedings as expeditiously as possible after the date of the conviction."
 
 
 18
 First, petitioner has not shown that the INS failed to act expeditiously to deport him. INS officers encountered petitioner in the Stanislaus County Jail on October 5, 1990, and issued an order to show cause that very day. Clearly, petitioner's deportation proceedings were not deferred. Moreover, this is not a habeas corpus proceeding. Sections 1252(a) and (h) have not been violated.
 
 
 19
 Second, Section 1252(i) does not apply to petitioner. Petitioner is not being deported as a result of his conviction, but for overstaying his visa. Even if he had been convicted of an offense subjecting him to deportation, given that this circuit has found no private right of action under § 1252(i), petitioner's recourse would be to seek a writ of mandamus or pursue a cause of action under the Administrative Procedure Act to initiate the very proceedings which have already begun. See Soler v. Scott, 942 F.2d 597, 601-604 (9th Cir.1991). Similarly, other circuits have held that Section 1252(i) does not create a private right of action for aliens, but merely provides a means by which to compel the INS to act. See, e.g., Aguirre v. Meese, 930 F.2d 1292 (7th Cir.1991); Prieto v. Gulch, 913 F.2d 1159 (6th Cir.1990), cert. denied, 111 S.Ct. 976 (1991). Section 1252(i) has not been violated.
 
 
 20
 Equitable estoppel is applicable to deportation proceedings, if, in failing to initiate proceedings promptly, the INS had engaged in affirmative misconduct. INS v. Hibi, 414 U.S. 5 (1973); Santiago v. INS, 526 F.2d 488, 492 (9th Cir.1975) (en banc ), cert. denied, 425 U.S. 917 (1976). No affirmative misconduct is shown here and there is no basis for estoppel from deportation.
 
 III. Denial of Counsel and Due Process
 
 21
 Petitioner argues that he was prejudiced by a lack of counsel throughout his deportation proceedings. Petitioner also argues for the first time that he was prejudiced by the venue of the proceedings, limiting his ability to present witnesses on his behalf.
 
 
 22
 Petitioner is raising the issue of lack of counsel for the first time and did not object to continuing without counsel in his deportation proceedings. Respondent argues that this court is without jurisdiction to hear petitioner's denial of counsel claim.
 
 
 23
 Although an alien has a right to counsel at his own expense, see Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985), as well as under 8 U.S.C. § 1362, respondent argues that because petitioner raises this claim for the first time, and especially did not raise it before the BIA, this court is without jurisdiction to hear it. Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980), cert. denied, 456 U.S. 994 (1982).
 
 
 24
 If this is substantially a claim of denial of due process, then the BIA would have been without jurisdiction to adjudicate such a claim because administrative agencies are without jurisdiction to adjudicate constitutional claims. See Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985). However, petitioner must show that his claim does not involve mere procedural errors correctable by the administrative tribunal. See Vargas v. INS, 831 F.2d 906, 908 (1987). This he cannot do. Had he raised this claim before the BIA, that body could have allowed him another hearing with another opportunity to hire counsel. It could also have passed on his venue claim. His failure to exhaust his administrative remedies bars review of these claims.
 
 
 25
 To the extent that petitioner raises a double jeopardy claim, it is without merit. Deportation is a civil act, not criminal punishment. See LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977).
 
 IV. Suspension of Deportation
 
 26
 Under 8 U.S.C. § 1254(a)(1), an alien must have been physically present in the United States for seven years in order to be eligible for suspension of deportation. Under 8 U.S.C. § 1254(a)(2), an alien must have been physically present for ten years to be eligible for suspension of deportation. Mr. Shittu entered the United States on March 9, 1989. He is statutorily ineligible. Whether he is of good moral characte or has a child who is a United States citizen is irrelevant because he is statutorily ineligible.
 
 V. Voluntary Departure
 
 27
 In order to be considered for voluntary departure, a petitioner must show, inter alia, that he has been of good moral character for the five years preceding his application. 8 U.S.C. § 1254(a)(1). Aliens convicted of crimes of moral turpitude are statutorily precluded from showing good moral character. 8 U.S.C. § 1101(f). The burden is on the petitioner to show that he is eligible for voluntary departure. See Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986). An immigration judges' discretionary denial of voluntary departure is reviewed for abuse of discretion. See Hernandez-Robledo, 771 F.2d at 541.
 
 
 28
 Respondent argues that petitioner was statutorily precluded from proving good moral character because he was convicted of a crime of moral turpitude, assault with force likely to cause great bodily injury, Cal.Penal Code § 245(a)(1). Petitioner argues that his conviction was not for a crime of moral turpitude.
 
 
 29
 However, we need not reach this issue. The IJ could still deny voluntary departure as matter of discretion, and we find no abuse in his exercise of discretion. The BIA affirmed, given that petitioner had presented no evidence of eligibility for voluntary departure. Considering that petitioner was convicted of a violent felony, we find no abuse of discretion in either decision.
 
 CONCLUSION
 
 30
 The decision of the BIA is AFFIRMED. The petition is DENIED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel finds this case suitable for submission without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3