Antonio
**HERNANDEZ–ROBLEDO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 85–7014.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 1985.

Decided Dec. 2, 1985.

Vincent Ochoa, Las Vegas, Nev., for petitioner.

Linda Adams, Eileen A. Carty, Dept. of Justice, Washington, D.C., for respondent.

Before TANG and FERGUSON, Circuit Judges, and GRAY *, District Judge.

TANG, Circuit Judge:

Antonio Hernandez-Robledo petitions for review of a decision of the Board of Immigration Appeals (BIA). Petitioner challenges the BIA's finding that he is deportable for obtaining an immigration visa by fraud or willful misrepresentation of a material fact pursuant to 8 U.S.C. § 1182(a)(19) (1982) of the Immigration and Nationality Act (INA or Act). He also challenges the BIA's denial of a waiver of deportation under section 241(f)(1) of the Act, 8 U.S.C. § 1251(f)(1), and denial of suspension of deportation under section 244(a)(1), 8 U.S.C. § 1254(a)(1). For the reasons set forth below, the petition is denied and the BIA's decision affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Antonio Hernandez is a thirty-six year old native and citizen of Mexico. He has resided in the United States for the last eighteen years, and has worked as a waiter at the Frontier Hotel in Las Vegas for the last sixteen years. He is presently married to a Mexican citizen, apparently residing here illegally. Petitioner has one son, Antonio, who is a United States citizen. The son is sixteen years old and resides with his mother, formerly married to petitioner, in the Las Vegas area.

In 1983 Hernandez was charged with burglary and kidnapping. He eventually pleaded guilty to willful and malicious destruction of property. He was sentenced to a one-year suspended jail term, placed on three years probation, and ordered to pay a $1,000 fine and restitution to the victim.[1]

At the time petitioner was ordered to show cause why he should not be deported, he was admitted to the United States for permanent residence as a non-quota "immediate relative" spouse of a U.S. citizen. *See* 8 U.S.C. § 1151(b). Petitioner was charged as excludable on three grounds: (1) as an alien who procured a visa by fraud or willful misrepresentation of a material fact, 8 U.S.C. § 1182(a)(19); (2) as an alien who entered to perform skilled and unskilled labor without a labor certification, *id.* § 1182(a)(14); and (3) as an alien not in possession of a valid entry document, *id.* § 1182(a)(20). The Immigration Judge (IJ) found Hernandez deportable under the latter two provisions, and refused to waive deportation under section 241(f) of the INA or suspend deportation under section 244(a)(1). On appeal, the BIA affirmed those findings and also found petitioner deportable under 8 U.S.C. § 1182(a)(19) for intentionally misrepresenting that he was married to a U.S. citizen when he obtained his permanent resident visa. Hernandez timely petitioned for review.[2]

## DISCUSSION

1. *Deportability Under 8 U.S.C. § 1182(a)(19)*

The BIA concluded that Hernandez willfully misrepresented, on January 19, 1982, that he was married to a U.S. citizen, Marita Jean Varrientos, in order to obtain a permanent residence visa when he knew that he had been divorced from her as of December 29, 1980. Hernandez challenges this conclusion. He claims that there is no evidence that he deliberately misrepresented his marital status to obtain a visa and points to the IJ's determination that he was

---

* Honorable William P. Gray, Senior United States District Judge for the Central District of California, sitting by designation.

1. The state trial judge reduced petitioner's suspended sentence to eleven months on July 6, 1984 after the decision of the BIA. This fact is not significant since petitioner was not found to be deportable under 8 U.S.C. § 1254(a)(4) (alien is deportable if convicted of crime of moral turpitude and sentenced to confinement of one year or more).

2. A motion to reopen the deportation proceedings is currently pending before the BIA.

not deportable under the pertinent immigration provision, 8 U.S.C. § 1182(a)(19), to buttress his assertion.[3]

■ On petition for review, this court determines whether there is reasonable, substantial, and probative evidence in the record as a whole to support the BIA's decision that the INS carried its burden of proving deportability. *See* 8 U.S.C. § 1105a(a)(4); *Paointhara v. INS,* 708 F.2d 472, 474 (9th Cir.), *amended* 721 F.2d 651 (1983); *Espinoza-Espinoza v. INS,* 554 F.2d 921, 924 (9th Cir.1977). Although this court reviews the decision of the BIA, we may properly consider the IJ's findings if in conflict with those of the BIA. *McMullen v. INS,* 658 F.2d 1312, 1318 (9th Cir. 1981).

The INS must have shown below by "clear, unequivocal, and convincing evidence," *Woodby v. United States,* 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966); *Paointhara,* 708 F.2d at 474, that petitioner procured his visa by fraud or willful misrepresentation of a material fact, 8 U.S.C. § 1182(a)(19). Petitioner concedes that the INS need not show that an alien intended to deceive the government, but need show only "that the misrepresentation was deliberate and voluntary." *Espinoza-Espinoza,* 554 F.2d at 925. This, of course, may be shown by circumstantial evidence. *See id.* at 926.

■ At the deportation hearing the government produced petitioner's Application for Immigrant Visa (Application), dated January 19, 1982, and a copy of the 1980 Nevada divorce decree of the petitioner and Marita J. Hernandez.[4] In his sworn application, Hernandez stated that he was married; that the maiden name of his wife was Jean Varrientos.[5] It stated also that both resided at 7320 Westbrook in Las Vegas, and that he intended to join Marita Hernandez at that address. He also stated that his purpose in coming to the United States was to join his wife and children. At the deportation proceeding, Hernandez testified that he knew at the time when he was admitted to the United States on his visa, that he was divorced from Marita Hernandez.

The BIA's conclusion that petitioner deliberately misrepresented that he was married to Marita Jean Hernandez to procure his immigrant visa is substantially supported by the evidence.[6] The evidence shows, clearly and convincingly, that petitioner completed his Application after the dissolution of his marriage, and understood that he was in fact divorced from Marita Jean Hernandez.

2. *Waiver of Deportation Under Section 241(f), 8 U.S.C. § 1251(f)*

Hernandez next contends that that BIA abused its discretion by denying his request for a waiver of deportation under section 241(f)(1) of the INA, 8 U.S.C. § 1251(f)(1). Petitioner argues that the BIA did not properly consider the factors in favor of his request or the extreme hardship which would result from deportation. Petitioner points to such favorable factors as his lengthy residence and term of employment in this country and to his lack of family ties in Mexico.

Section 241(f)(1), provides for a waiver of deportation on the ground that an alien procured a visa "by fraud or misrepresentation, whether willful or innocent," 8

---

3. The IJ found that petitioner "did not know that he could not obtain a benefit based on a marriage that had been dissolved" and that "there is no evidence ... to indicate that [petitioner] did intend to misrepresent himself or obtain a visa by fraud."

4. The government also produced the Immigrant Visa form completed by Marita J. Hernandez, dated April 12, 1980.

5. In her Immigrant Visa form, Marita stated that she used the name "Varrientos."

6. It appears as though the IJ thought that it must be shown that Hernandez deliberately intended to defraud the United States government. *See supra* n. 3. As previously stated, it must only be shown that the alien intended to misrepresent a material fact. *Espinoza-Espinoza,* 554 F.2d at 924. The IJ's findings are therefore a result of the application of an erroneous legal standard and are entitled to no weight.

U.S.C. § 1251(f)(1)(A), if the alien is the spouse, parent, or child of a United States citizen, *id.* § 1251(f)(1)(A)(i).[7] That section also waives deportation for those grounds of inadmissibility under 8 U.S.C. §§ 1182(a)(19) (lack of labor certification) and (a)(20) (lack of valid entry document) which were a direct result of the fraud or misrepresentation. *Id.* § 1251(f)(1)(B).

■ The forgiveness provision under section 241(f)(1) was formerly mandatory, but was amended in 1981 to allow the Attorney General discretion to grant the available relief.[8] The BIA's denial is therefore reviewed for an abuse of discretion. *Accord Batoon v. INS,* 707 F.2d 399, 401 (9th Cir.1983); *Ro v. INS,* 670 F.2d 114, 116 (9th Cir.1982).

■ The BIA found petitioner statutorily eligible for relief, but refused to exercise its discretion in favor of petitioner.[9] In its decision the BIA noted petitioner's lengthy

---

7. Section 241(f)(1), 8 U.S.C. § 1251(f)(1), reads:

(1)(A) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure or have procured visas or other documentation, or entry into the United States, by fraud or misrepresentation, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in subsection (a)(19) of this section) who—
(i) is the spouse, parent, or child of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and
(ii) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such entry except for those grounds of inadmissibility specified under paragraphs (14), (20), and (21) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.
(B) A waiver of deportation for fraud or misrepresentation granted under subparagraph (A) shall also operate to waive deportation based on the grounds of inadmissibility at entry described under subparagraph (A)(ii) directly resulting from such fraud or misrepresentation.

8. "[S]ection 241(f) of the INA [is amended] to eliminate the mandatory waiver of deportation based on visa fraud or misrepresentation at the time of entry in the case of a spouse, parent, or child of U.S. citizen or lawful permanent resident who is "otherwise admissible." The amendment replaces this with a discretionary waiver in the case of such an alien who possessed an immigrant visa or equivalent document at the time of entry and who is otherwise admissible except for the grounds specified in section 212(a)(14), (20), and (21)' of the Act.

The present law has been a major source of controversy and litigation for many years. Although the original intent of the section was simply to waive relatively minor grounds for deportation—those arising out of misrepresentations in arranging entry—for aliens with a close family relative who was a United States citizen or lawful permanent resident, the scope of the waiver and the meaning of "otherwise admissible" have become increasingly unclear. As early as 1973, in an Executive Communication enclosing a legislative proposal to clarify the section, the Department of Justice stated that "litigants have sought to expand section 241(f) into a charter of amnesty, waiving all restrictions for those who had entered the United States through fraud." Twice litigation involving the proper interpretation of that section has reached the Supreme Court with no clear resolution. Compare *INS v. Errico,* 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966), with *Reid v. INS,* 420 U.S. 619, 95 S.Ct. 1164, 43 L.Ed.2d 501 (1975). In testimony before the Committee in 1979, Acting INS Commissioner Crosland concluded that "differing administrative and judicial interpretations have left the law in a state of confusion which makes it virtually impossible for the INS to uniformly administer section 241(f).

The Committee amendment reconciles the confusing and conflicting judicial and administrative interpretations of the scope of this provision, and clarifies that the waiver is only intended to apply to immigrants and that it is available for innocent (as well as fraudulent) misrepresentations. By doing this and making the waiver discretionary, it should obviate the need for further litigation, and promote the uniform administration of this section."
H.R.Rep. No. 264, 97th Cong., 1st Sess., *reprinted in* 1981 U.S.Code Cong. & Adm.News 2577, 2593–94 (footnote omitted).

9. Hernandez's citizen son Antonio provides the basis for the waiver under section 241(f)(1). We agree with the BIA that the record indicates that petitioner's inadmissibility under subsections 1182(a)(19) and (20) resulted from the misrepresentation of his marital status on his Application. Hernandez is deportable under subsection 1182(a)(19) by virtue of his fraudulent representation of the material fact of his marital status to a U.S. citizen. He was deportable under subsection (a)(20) by virtue of a lack of valid entry documents due to his false claim. *See Cacho v. INS,* 547 F.2d 1057, 1061–62 (9th

residence and employment as favorable factors, but undercut that by noting that both were achieved illegally. The latter conclusion is improper since the inquiry is not into the illegality of his or her presence in the United States but the reasons that an alien should be allowed to stay, despite the illegality.

Congress' fundamental purpose in enacting section 241(f)(1) of the INA was to keep family units together by precluding deportation of aliens who had gained entry by fraud or misrepresentation, if the effect of deportation would be to separate families composed in part of a United States citizen or lawful permanent resident. *INS v. Errico*, 385 U.S. 214, 220, 87 S.Ct. 473, 477, 17 L.Ed.2d 318 (1966); *Dallo v. INS*, 765 F.2d 581, 587 n. 7 (6th Cir.1985); *Lai Haw Wong v. INS*, 474 F.2d 739, 742 (9th Cir.1973). The BIA accurately described petitioner's family ties. It noted that petitioner has two siblings in the United States, who are lawful, permanent residents, and no known relatives in Mexico. Hernandez' parents are deceased. The BIA noted that the citizen son lives with petitioner's ex-wife,[10] but that petitioner visits his son weekly and pays child support.[11] The BIA noted that the son's primary family unit would not be affected by petitioner's deportation since the son lives with his mother and her husband.[12] The BIA also noted that Hernandez' present wife is a Mexican citizen residing here illegally, and concluded that he would not be alone in Mexico.

The BIA also took account of several "adverse factors." First, it noted the "serious incident" of petitioner's misrepresentation that he was married to Marita J. Hernandez to obtain a visa. This is a discretionary consideration since section 241(f)(1) may serve to forgive this ground as one for deportation. The BIA noted petitioner's 1983 conviction of malicious destruction of property. This conviction is a serious one. In fact, Congress has expressed its desire to exclude those aliens who have committed crimes, such as this one, which involve moral turpitude. *See* 8 U.S.C. § 1182(a)(19).[13]

Although the petitioner's length of stay and stable employment record weigh in favor of granting the waiver of deportation, the BIA's denial of relief under section 241(f)(1) was a rational one since the primary family unit of the citizen son will not be disrupted, petitioner's immediate family consists of his wife and himself who are both here illegally from Mexico, and he has been recently convicted of a crime for which an alien can be excluded, *cf. Dallo*, 765 F.2d at 587–88 n. 7.

*3. Suspension of Deportation Under Section 244(a)(1), 8 U.S.C. § 1254(a)(1)*

Lastly petitioner contends that the BIA should have suspended the order of deportation pursuant to section 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1).

■ The BIA's denial of suspension of deportation is reviewed for abuse of admin-

Cir.1976). The IJ and BIA both concluded that section 241(a)(1) waived Hernandez's deportation on the ground of inadmissibility under 8 U.S.C. § 1182(a)(14). The INS does not challenge this. For purposes of our decision we will assume without deciding that this ground is waived under section 241(a)(1). That section permits waiver on the ground that Hernandez does not have a labor certificate as a "direct result" of the fraud or misrepresentation. It is unclear whether Hernandez's inadmissibility under subsection (a)(14) is a direct result of misrepresenting his marital status on his Application. *See Cacho*, 547 F.2d at 1062 (inadmissibility under subsection 1182(a)(14) not waived under former version of section 241(a)(1) when underlying misrepresentation is fraudulent marriage); *Morales-Cruz v. INS*, 666 F.2d 289, 293 (5th Cir.1982) (same).

10. The mother is not Marita Jean Hernandez, but a woman petitioner married prior to his marriage with Marita.

11. When asked how much child support he pays, petitioner testified, "A hundred and eighty," without specifying the payment period. In his brief, petitioner asserts this is a weekly payment.

12. Petitioner testified that the mother did not work, but did not testify as to her present husband's employment status.

13. The record sheds little light on the particular circumstances of the incident. Petitioner testified that "some friends of mine" kicked down his ex-wife's door, and he pleaded guilty to the charge.

istrative discretion. *INS v. Wang,* 450 U.S. 139, 143–44, 101 S.Ct. 1027, 1030–31, 67 L.Ed.2d 123 (1981); *Villena v. INS,* 622 F.2d 1352, 1357 (9th Cir.1980). (en banc).

In order to obtain this relief, an alien must show (1) physical presence in the United States for a continuous period of not less than 7 years," (2) good moral character during that period, and (3) that deportation would result in extreme hardship to the alien or a spouse, parent, or child who is a citizen or permanent resident. 8 U.S.C. § 1254(a)(1); [14] *Reyes v. INS,* 673 F.2d 1087, 1088 (9th Cir.1982). The alien bears the burden of demonstrating both statutory eligibility and the equities meriting the favorable exercise of discretion. *Israel v. INS,* 710 F.2d 601, 604 (9th Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1421, 79 L.Ed.2d 746 (1984).

The BIA found that petitioner did not meet the first two requirements and therefore declined to address the hardship requirement. Hernandez challenges the BIA's findings and contends that he will suffer extreme hardship if returned to Mexico. Because we cannot say that the BIA abused its discretion in finding Hernandez lacking of good moral character during his period of continuous presence in the United States, we decline to address the other challenges to the BIA's denial of suspension from deportation raised by the petitioner.

We note that in 1983 Hernandez was convicted of malicious destruction of prop-

erty and given a one-year suspended jail term, placed on three years probation, and ordered to pay a $1000 fine and make victim restitution. While we do not announce a per se rule that equates every incident of property destruction with moral turpitude, we believe the BIA to be properly within its discretion in finding that Hernandez failed this requirement.

## CONCLUSION

Although petitioner presents a sympathetic case, his petition is denied. The BIA's finding that petitioner deliberately misrepresented his marital status in his Application for an Immigrant Visa is substantially supported by the record as a whole. The BIA did not abuse its discretion in denying petitioner's request for waiver of deportation under section 241(f)(1) or suspension of deportation under section 244(a)(1).

The petition is denied and the decision of the BIA is affirmed.

---

**14.** *Section 244(a)(1), 8 U.S.C. § 1254(a)(1),* reads in pertinent part:

> As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—
> (1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physi-

cally present in the United States for a continuous period of not less than 7 years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.