902 F.2d 40
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Sung Koon PARK, Heon Young Park, Heon Joo Park, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-70022.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 17, 1990.
Decided May 4, 1990.
 Petition for Review of an Order of the Board of Immigration Appeals.
 BIA
 AFFIRMED.
 Before HUG, SKOPIL and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sung Koon Park and his two children, citizens of South Korea, petition for review of the Board of Immigation Appeals' (BIA) order dismissing their appeal from the Immigration Judge who found them to be deportable under 8 U.S.C. Secs. 1251(a)(1) and 1182(a) and who denied Sung Koon Park voluntary departure under 8 U.S.C. Sec. 1254(e). Specifically, Park argues that the Immigration Judge's finding that Park obtained his visa by fraud or willful misrepresentation of a material fact was not supported by substantial evidence.
 
 
 3
 The Immigration Judge found that the visa petitions for Park and his children were invalid because they were not signed by his former wife, Poon I. Kim, but instead were signed by someone else. The Immigration Judge's finding is supported not only by the testimony of Ms. Kim herself, who stated she did not sign the petitions, but also by the testimony of the handwriting expert who testified that Ms. Kim's exemplars and the signature on the petition did not match.
 
 
 4
 Park in this appeal places great weight upon the fact that the U.S. Consul in Korea requires "adequate proof of identity" before petitions may be signed. However, an American Consul indicated in an affidavit that "this procedure is, as you can well appreciate, not foolproof because of the ease by which fraudulent identity media can be obtained." Park therefore cannot successfully maintain that Ms. Kim's version of the events is so bizarre as to be inherently improbable. The decision of the Immigration Judge is supported by substantial evidence and must be affirmed. See 8 U.S.C. Sec. 1105a(a)(4); Hernandez-Robledo v. INS, 777 F.2d 536, 539 (9th Cir.1985) (this court must affirm if the IJ's findings are supported by substantial evidence).
 
 
 5
 The Immigration Judge denied Park's request for voluntary departure in lieu of deportation, and the denial was based upon the finding of culpability in connection with the procurement of the visa. This finding was similarly supported by substantial evidence.
 
 
 6
 The decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3