977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Corazon Rafanan FABRO, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70536.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 13, 1992.
 
 Before FEINBERG**, GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Petitioner Corazon Rafanan Fabro seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of her application for Suspension of Deportation. We affirm the BIA's decision and deny the petition.
 
 
 3
 Petitioner entered the United States as a nonimmigrant visitor on May 14, 1982. In 1989, the Immigration and Naturalization Service ("INS") initiated deportation proceedings, claiming that the petitioner was a person who remained in the United States for a period longer than permitted. See 8 U.S.C. § 1251(a)(2). At her deportation hearing, petitioner admitted the allegations and conceded deportability.
 
 
 4
 Petitioner applied for a Suspension of Deportation pursuant to section 244(a)(1) of the Immigration and Naturalization Act. See 8 U.S.C. § 1254(a)(1). The Act provides that the Attorney General, in his discretion, may suspend deportation and adjust the status of an otherwise deportable alien who (1) has been physically present in the United States for not less than seven years; (2) is a person of "good moral character"; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." See Ramirez-Durazo v. I.N.S., 794 F.2d 491, 497 (9th Cir.1986). "The alien bears the burden of demonstrating both statutory eligibility and that [s]he merits the favorable exercise of discretion." Id.
 
 
 5
 In the present case, only the third element is disputed. The BIA ruled that petitioner failed to demonstrate that deportation would result in extreme hardship either to herself or to her lawful permanent resident mother. Denials of Suspension of Deportation are reviewed for abuse of administrative discretion. See Hernandez-Robledo v. I.N.S., 777 F.2d 536, 541-42 (9th Cir.1985). The BIA is required to "state its reasons and show proper consideration of all factors when weighing equities and denying relief." Mattis v. I.N.S., 774 F.2d 965, 968 (9th Cir.1985).
 
 
 6
 Petitioner argues that the BIA failed to adequately evaluate all of the relevant factors both individually and in the aggregate in determining that deportation would not present an extreme hardship. In particular, the petitioner disagrees with the BIA's assessment of her mother's medical condition, its conclusion that her mother would be adequately cared for in her absence, and its finding that the petitioner would not face extreme hardships upon her return to the Philippines.
 
 
 7
 The BIA conducted a careful and thorough review. The Board considered each of the points raised by the petitioner and determined that none of the factors, either when viewed in isolation or when taken together demonstrated that deportation would produce an extreme hardship meriting suspension. The petitioner carries the burden of establishing statutory eligibility for a suspension and has failed to make a persuasive case. The BIA's decision was not an abuse of administrative discretion.
 
 
 8
 The petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Wilfred Feinberg, Senior Circuit Judge of the U.S. Court of Appeals for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3