47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delora del ROSARIO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70648.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1995.*
Decided Feb. 24, 1995.
 
 Petition for Review of Decision of the Board of Immigration Appeals, No. Aip-rij-kak.
 BIA
 PETITION GRANTED.
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delora del Rosario petitions for review of the ruling of the Board of Immigration Appeals which affirmed the Immigration Judge's denial of her application for waiver of deportation. The BIA agreed with the IJ's finding that del Rosario's misrepresentation on the application for her husband's visa was an adverse factor that outweighed the equities in her favor. We grant the petition and remand.
 
 DISCUSSION
 
 3
 1. Section 241(f) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(f),[1] provides that aliens who were excludable at the time of entry but who procured entry through fraud may be granted a waiver of deportation if they are a spouse, parent, or child of a United States citizen or of a lawfully admitted permanent resident alien. The "fundamental purpose" of this statute is to unite families. INS v. Errico, 385 U.S. 214, 224, 87 S.Ct. 473, 480, 17 L.Ed.2d 318 (1966). It is well settled that in considering whether to grant an alien a waiver under Sec. 1251(f) the BIA may not weigh against the alien the fact of his original fraudulent entry. See Casem v. INS, 8 F.3d 700, 703 n. 1 (9th Cir.1993); id. at 704 (Rymer, J., concurring); Braun v. INS, 992 F.2d 1016, 1020 (9th Cir.1993); Hernandez-Robledo v. INS, 777 F.2d 536, 540-41 (9th Cir.1985); cf. Delmundo v. INS, No. 93-70780, slip op. 15629, 15640-42 (9th Cir. Dec. 20, 1994). The BIA violated that rule in this case, which is remarkably like our prior decisions in this area. Here, as in Braun and Casem, the alien concealed an actual marriage, obtained entry, remarried her spouse, and then sought entry for him. Here, as there, the same result must flow--that is, the petition must be granted because the alleged new fraud to obtain entry for her husband was merely a part of the original fraud itself. Thus, it was improperly considered. Nor does Delmundo, slip op. at 15640-42, support a different result. There, too, later misrepresentations (other than lying at the immigration hearing itself) were matters that could not properly be considered by the BIA. Additionally, Start v. INS, 803 F.2d 539, 542 (9th Cir.1986), upon which the INS seems to rely, has been withdrawn and is not an expression of the law by this court. See Start v. INS, 862 F.2d 787, 788 (9th Cir.1988).
 
 
 4
 2. Del Rosario asserts that the BIA also erred because it failed to consider the hardship to del Rosario's two citizen children in case of her deportation. It is true that evidence of hardship must be considered by the BIA. See Casem, 8 F.3d at 702-03; Delmundo, slip op. at 15643-44. However, although counsel said that he would put in evidence of hardship, he did not do so. Given that evidence void, we are unable to say that the BIA's decision was incorrect; we have never declared a per se hardship rule and will not do so now. Cf. id. (evidence of hardship was placed in the record). Nevertheless, we are certain that the BIA will consider her close ties with her children as an equity in her favor, just as it did in the decision under review.
 
 
 5
 3. Del Rosario argues that the BIA did not state with particularity why it denied her application for a waiver, but instead listed the equities in her favor and then summarily upheld the IJ. See Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991) (asylum case). We disagree. While, as we have said, the reason given was incorrect, it was, nevertheless, plainly and specifically stated.
 
 
 6
 4. Del Rosario argues that the IJ "badgered" her during the hearing and that he prevented her from presenting evidence. The record does not support these allegations. The IJ is given specific statutory authority to "present and receive evidence, interrogate, examine, and cross-examine the alien or witnesses...." 8 U.S.C. Sec. 1252(b). The questioning here was perfectly proper. Neither did the IJ prevent del Rosario from presenting any evidence. The IJ did postpone the presentation of evidence on whether Rosario's children would suffer hardship, but he at no point precluded the submission of evidence. He actually encouraged presentation of additional evidence, and specifically asked counsel if there was "anything further."
 
 
 7
 5. Del Rosario argues that the IJ considered the fact that she filed a joint federal income tax return, even though her husband was not residing with her, as a negative discretionary factor in denying her waiver of deportation. She argues further that the BIA erroneously found that the IJ did not rely on this factor in his decision. Our review indicates that this argument stems from del Rosario's misreading of the record, nothing more.
 
 
 8
 PETITION GRANTED, and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Section 241(f) was redesignated as 8 U.S.C. Sec. 1251(a)(1)(H) by the Immigration Act of 1990, the provisions of the former statute govern in this case because del Rosario received notice of this deportation proceeding prior to March 1, 1991. See Pub.L. No. 101-649, Sec. 602, 104 Stat. 4978, 5082 (1990)