110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cresencio MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70724.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Abo-hph-pkg.
 B.I.A.
 REVIEW DENIED.
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cresencio Martinez petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying his application for suspension of deportation under 8 U.S.C. § 1254(a) and vacating the IJ's grant of voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition.
 
 
 3
 The BIA's determination that a petitioner is ineligible for suspension of deportation is reviewed for abuse of discretion. See Torres-Guzman v. INS, 804 F.2d 531, 532 (9th Cir.1986). Denial of voluntary departure is also reviewed for abuse of discretion. See Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986).
 
 
 4
 Applicants for suspension of deportation must show evidence that they satisfy three statutory requirements concerning their continuous physical presence in the United States, their good moral character, and the existence of extreme hardship. See 8 U.S.C. § 1254(a)(1). A finding of good moral character has both a statutory and a discretionary component. See 8 U.S.C. § 1101(f); Campos-Granillo v. INS, 12 F.3d 849, 853 (9th Cir.1993). Where an applicant for suspension of deportation has not established the required good moral character, there is no need to examine extreme hardship. See Hernandez-Robledo v. INS, 777 F.2d 536, 542 (9th Cir.1985).
 
 
 5
 Here, Martinez contends that the BIA erred by denying his application for suspension of deportation. This contention lacks merit.
 
 
 6
 Martinez testified that he had three drunk driving convictions during the statutory period. At the time of Martinez's deportation hearing, his driver's license was suspended as a result of his convictions. Accordingly, the BIA did not abuse its discretion by finding that Martinez lacked the required good moral character, and that he was consequently ineligible for suspension of deportation. See 8 U.S.C. § 1254(a)(1); Limsico v. INS, 951 F.2d 210, 213 (9th Cir.1991). Moreover, his failure to show good moral character also renders him ineligible for the relief of voluntary departure. See 8 U.S.C. § 1254(e); Villanueva-Franco, 802 F.2d at 330.
 
 
 7
 Because we agree with the BIA's finding that Martinez lacks the good moral character required for both suspension of deportation and voluntary departure, we need not reach Martinez's contentions regarding extreme hardship. See Hernandez-Robledo, 777 F.2d at 542.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3