120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Esperanza MEJIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70678.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maria Esperanza Mejia, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an immigration judge's ("IJ") decision finding her deportable for having been convicted of a crime of moral turpitude pursuant to 8 U.S.C. § 1251(a)(2)(A)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Mejia contends that she is not deportable because the record of her conviction for conspiracy failed to enumerate a statutory basis for the underlying substantive crime, thus precluding a determination of whether that crime involved moral turpitude. This contention lacks merit.
 
 
 4
 The INS is required to prove Mejia's deportability by "clear, unequivocal, and convincing evidence." Woodby v. INS, 385 U.S. 276, 286 (1966). Our review requires a determination of "whether there is reasonable, substantial, and probative evidence in the record.. to support the BIA's determination that the INS" has met this burden. See Hernandez-Robledo v. INS, 777 F.2d 536, 539 (9th Cir.1985). We review de novo whether a crime involves moral turpitude. See Goldeshtein v. INS, 8 F.3d 645, 647 n. 4 (9th Cir.1993).
 
 
 5
 A conviction for conspiracy "involves moral turpitude only when the underlying substantive offense is a crime involving moral turpitude." Id. at 647 n. 6 (citation omitted). Whether a crime involves moral turpitude is determined either by the statutory definition or by the nature of the crime, not by the specific conduct that resulted in the conviction. See id. at 647; Gonzalez-Alvarado v. INS, 39 F.3d 245, 246 (9th Cir.1994).
 
 
 6
 Mejia was convicted of conspiracy in violation of Cal. Pen.Code § 182, which includes several offenses. See Cal. Pen.Code § 182 (West 1992). Thus, we look to the "record of conviction," meaning the indictment or information, plea, verdict or judgment, and sentence, to determine the nature of the underlying crime for which Mejia was convicted. See Wadman v. INS, 329 F.2d 812, 814 (9th Cir.1964); see also Goldeshtein, 8 F.3d at 648 (examining alien's indictment to determine whether the resulting conviction involved moral turpitude); Matter of Short, 20 I. & N. Dec. 136 (BIA 1989) (requiring analysis of record of conviction where statute under which alien was convicted "include[d] some offenses which involve[d] moral turpitude and some which [did] not").
 
 
 7
 Here, the Abstract of Judgment states that Mejia was convicted of conspiracy in violation of Cal. Pen.Code § 182, based upon Count VI of the Amended Information filed December 7, 1992. Count VI charged Mejia and her husband with conspiring to threaten and remove material witnesses from the jurisdiction of the court in which a criminal case was pending against them and her husband's sons. From the Amended Information, it appears that Mejia was convicted under § 182(a)(5), which includes the offense of conspiracy "to pervert or obstruct justice." See Cal. Pen.Code § 182(a)(5). Thus, it is possible to determine whether Mejia's crime involved moral turpitude. See Goldeshtein, 8 F.3d at 647; Wadman, 329 F.2d at 814.
 
 
 8
 Because we find that there is reasonable, substantial, and probative evidence in the record to support the BIA's determination that Mejia is deportable, we deny the petition for review.[1] See Hernandez-Robledo, 777 F.2d at 539.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Mejia's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Mejia's request for attorney's fees is denied