132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Efran Pangilinan SANGA, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 No. 96-70867, Ahn-mgy-zgz.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Decided Dec. 15, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals, No. 96-70867 Aju-gbv-syw
 
 
 2
 Before: REINHARDT, LEAVY and THOMAS, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Efren Pangilian Sanga ("Sanga"), a thirty-four-year old native and citizen of the Philippines, appeals an order from the Board of Immigration Appeals ("BIA") denying his request for waiver of deportation. Sanga contends that 1) the BIA abused its discretion in not granting him a waiver of deportation under section 241(a)(1)(H) of the INA; and 2) he was denied due process because of his counsel's failure to submit a brief to the BIA. We deny the petition for review.
 
 
 5
 The BIA's refusal to grant a waiver is reviewed for an abuse of discretion. See Hernandez-Robledo v. INS, 777 F.2d 536, 540 (9th Cir.1985). We will disture the BIA's ruling if it has acted arbitrarily, irrationally or contrary to law. Braun v. INS, 992 F.2d 1016, 1019 (9th Cir.1993). If the Board explicitly states that it is adopting the reasons and the conclusions of the IJ, as in this case, we review the IJ's opinion under the abuse of discretion standard. Yepes-Prado v. INS, 10 F.3d 1363, 1367 (9th Cir.1993).
 
 
 6
 In determining Sanga's request for a waiver, the IJ considered that Sanga had three children living in the Philippines, two of whom are United States citizens. He also considered that Sanga's current. wife, Erlinda, would experience hardship if Sanga were deported, but found such hardship to be diminished since she knew of Sanga's possible deportation prior to their marriage. The IJ also noted that Erlinda was not financially dependent on Sanga.
 
 
 7
 The IJ considered Sanga's mother's testimony that she would be sad to be separated from Sanga but also noted that she was not financially dependent on him and seemed willing to visit the Philippines. The IJ considered that: Sanga's printing skills as well as taxi driving skills could be used in the Philippines. Finally the IJ considered Sanga's criminal convictions of criminal conspiracy to smuggle aliens and unlawful procurement of citizenship and, noting his refusal to accept responsibility, found them to be a serious adverse factor weighing against his waiver application. Balancing these factors, the IJ found Sanga did not merit a waiver of deportation and denied the application.
 
 
 8
 Sanga contends that this denial was an abuse of discretion. He does not, however, set forth any factors the IJ should have considered but did not, or should not have considered but did. Nor does he identify any incorrect findings by the IJ. Indeed, all facts noted in Sanga's brief are set forth in the IJ's decision. Counsel simply declares that the decision would have been different if the IJ and BIA had "considered and meaningfully addressed all the positive equities."
 
 
 9
 The IJ carefully considered all relevant factors offered by Sanga, and his conclusion did not constitute an abuse of discreton.. Thus, we uphold the decision of the BIA denying Sanga a waiver of deportability.
 
 
 10
 We deny Sanga's claim for ineffective assistance of counsel because he has failed to show that his representation was "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." See Ramirez-Durazo v. INS 794 F.2d 491, 500 (9th Cir.1986). Sanga fails to identify any argument that his counsel could have made that night have affected the outcome in any way.[1]
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Furthermore, the claim is not properly before us. A petitioner may not raise such a claim for the first time on appeal. Roque-Carranza v. INS, 778 F.2d 1373 (9th Cir.1985). He "must first submit a motion to reopen to the BIA and state the new facts to be proved at the reopened hearing." Id. The motion to reopen must comport with the requirements of Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). Allowing time for Sanga to attempt to reopen his case would be futile, because Sanga was not prejudiced by the alleged ineffective assistance. Cf. Rogue-Carranza, 778 F.2d at 1374