134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reynaldo Hurtado FLORES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Reynaldo Hurtado-Flores ("Hurtado-Flores") seeks review from the denial of his application for suspension of deportation. Hurtado-Flores applied for a suspension of deportation pursuant to 8 U.S.C. § 1254. His application was denied by the immigration judge for failure to show good moral character because Hurtado-Flores falsified his tax returns. The Board of Immigration Appeals ("BIA") dismissed the appeal. We nave jurisdiction pursuant to 8 U.S.C. § 1105a.[1] We deny the petition for review.
 
 
 3
 We review a denial of suspension of deportation for abuse of discretion. Ins v. Jong Ha Wang, 450 U.S. 139 (1981). We review the decision of the BIA unless the BIA adopts the findings of the immigration judge, Mawli v. INS, 671 F.2d 342, 344-45 (9th Cir.1982); or the BIA's findings conflict with those of the immigration judge, Hernandez-Robledo v. INS, 777 F.2d 536, 539 (9th Cir.1985). In this case the BIA agrees with the findings of the immigration judge and presents its own findings. Therefore, we review the BIA decision.
 
 
 4
 A showing of good moral character is one of three requirements for a suspension of deportation under 8 U.S.C. § 1254(a)(1) (1996).[2] A finding that the applicant lacks good moral character may be based on the statutory provisions in 8 U.S.C. § 1101(f) (1996) (listing seven per se categories) or the exercise of discretion. Torres-Guzman v. INS, 804 F.2d 531 (9th Cir.1986), In this case, Hurtado-Flores's conduct does not fall into any of the seven per se categories.[3] Thus, we must determine whether the BIA's decision to deny Hurtado-Flores's application for suspension of deportation for falsification of his tax returns constitutes an abuse of discretion.
 
 
 5
 First, Hurtado-Flores contends that there was insufficient evidence to warrant a finding that he intended to give false information on his tax returns. He argues that he received assistance in completing his tax returns and was not aware that he was doing anything wrong. Additionally, Hurtado-Flores argues that the IRS presented no evidence that his actions constitute a tax code violation. We must determine whether there is reasonable, substantial, and probative evidence on the record as a whole to support the BIA's findings. Hernandez-Robledo, 777 F.2d at 539; 8 U.S.C. § 1105a(a)(4).
 
 
 6
 On his tax returns, Hurtado-Flores listed two different boys as his "son" and stated that each had resided with him for the entire year in question. During his deportation hearing, Hurtado-Flores admitted that he has no children. He admitted that he used the name and social security number of a nephew who had not resided with him as an exemption on his tax return. Furthermore, the BIA did cite the section of the tax code Hurtado-Flores violated and found Hurtado-Flores ultimately responsible despite his having received assistance filing his returns. Based on the record, the BIA's finding that Hurtado-Flores falsified his tax return is not clearly erroneous.
 
 
 7
 Second, Hurtado-Flores argues that the BIA abused its discretion in rejecting his application for suspension of deportation for lack of good moral character. He argues that the BIA is required to consider all countervailing positive factors in situations where a finding of good moral character is not statutorily barred.
 
 
 8
 We have held that failing to consider all relevant factors, including favorable ones, constitutes an abuse of discretion in this context. Torres-Guzman, 804 F.2d 531, 533. Hurtado-Flores, however, fails to,present any favorable factors that were not considered by the BIA. The record shows that the BIA considered Hurtado-Flores's steady employment, regular church attendance, and financial independence. The BIA, however, found that Hurtado-Flores violated the tax code by claiming a nephew who did not reside with him as his dependant son on his tax returns. Under these circumstances, Hurtado-Flores has failed to show that the denial of his application was an abuse of discretion.
 
 The petition is DENIED.[4]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The BIA filed its final order on September 30, 1996. Accordingly, the Illegal Reform and Immigrant Responsibility Act of 1996 does not apply to Hurtado-Flores's petition. Kalaw v. INS. Nos. 97-70106, 97-70294: 97-70333, 1997 WL 736053, at * 1 (9th Cir. Dec. 1, 1997)
 
 
 [2]
 To be eligible for suspension of deportation an applicant must show 1) continuous physical presence in the United States for seven years, 2) good moral character during that time, and 3) extreme hardship if deported. 8 U.S.C. § 1254(a)(1) (1996). Hurtado-Flores has meet the residency requirement of prong one. We need not address prong three because we find that Hurtado-Flores's application was properly denied on the basis of prong two. See Hernandez-Robledo, 777 F.2d at 542. Accordingly, we will not address the arguments raised in Hurtado-Flores's brief in support of the extreme hardship prong
 
 
 [3]
 8 U.S.C. § 1101(f) precludes a finding of good moral character if "during the period for which good moral character is required to be established," the applicant is or was 1) "a habitual drunkard", 2) during the relevant period, convicted of or admits to the commission of one of the enumerated crimes found in 8 U.S.C. § 1182, 3) "one whose income is principally derived from illegal gambling activities," 4) convicted of two or more gambling offenses during the relevant period, 5) "one who has given false testimony.for the purpose of obtaining any benefits under this chapter," 6) one who has been imprisoned for a conviction during the relevant period for an aggregate of one hundred and eighty days or more, or 7) "one who at any time has been convicted of an aggravated felony." 8 U.S.C. § 1101(f) (1996). This section also provides that, "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." 8 U.S.C. § 1107(f) (1996)
 
 
 [4]
 We stay the issuance of mandate for 90 days to allow Hurtado-Flores to apply for relief under the Nicaraguan Adjustment and Central American Relief Act Pub.L. No. 105-100, 111 Stat. 2160 (Nov. 19, 1997), as amended by Act of Dec. 2, 1997, Pub.L. No. 105-139, 111 Stat. 2644