**Fausto Louis MUNCAL–CLEMENTE,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

**No. 02–70574.**

**INS No. A38–465–769.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2003.*

Decided April 30, 2003.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM**

Fausto Louis Muncal–Clemente ("Muncal") applied unsuccessfully for a waiver of deportability and for suspension of deportation. He timely petitioned for review of those decisions. We deny the petition.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review for abuse of discretion the BIA's denial of a waiver of deportability. *Hernandez–Robledo v. INS*, 777 F.2d 536, 540 (9th Cir.1985). There was no abuse of discretion as long as the BIA's decision was rational. *See id.* at 541.

The BIA considered factors both in favor of and opposing waiver. It acknowledged that Muncal had resided in the United States for 18 years, that he had relatives, including his mother, living in the United States, that he was an active member of the community, and that he had a responsible job. It noted, however, that neither Muncal nor his family members in the United States would suffer abnormal hardship if he were deported.[1] It also noted that, because Muncal's wife and three children live in the Philippines, his primary family unit would not be disrupted. The BIA concluded that the positive factors were outweighed by the frauds Muncal had perpetrated in attempting to obtain naturalization, which included lying about the number of children he had, submitting forged birth certificates, and not rectifying his initial fraud. This conclusion was rational.

We lack jurisdiction to consider the application for suspension of deportation because Muncal did not raise the issue before the BIA. *See Vargas v. United States Dept. of Immig. & Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987).

PETITION DENIED.

PREGERSON, Circuit Judge, dissenting in part.

I respectfully dissent in so far as the panel denies Mr. Muncal–Clemente's petition for review of the BIA's denial of his application for a waiver of deportability. I believe the BIA abused its discretion by failing to consider a plainly relevant positive factor—hardship to an ailing parent—in assessing the merits of Mr. Muncal–Clemente's application. *See In re Tijam,* Interim Decision 3372, 1998 BIA LEXIS 43, 11–12, 1998 WL 883735 (BIA 1998). Though the BIA, in its analysis, mentioned Mr. Muncal–Clemente's various family members, the BIA did not consider the particular hardships his elderly dependant mother would suffer were he to be deported.[1] Accordingly, I would reverse and remand.

---

1. Contrary to the dissent's claim, it appears to us that the BIA did consider the impact on Muncal's mother. It simply did not weigh that impact to be as heavy as the dissent does. We cannot say that the BIA's evaluation was irrational. The record does not disclose any "particular hardships" or dependency. Muncal's mother owns her own home. Each month, she receives a pension of $900, Social Security benefits of another $900, and her second husband receives Social Security benefits of $700, for a total of $2,500, tax free. The additional financial support provided by Muncal was limited. As for hardship, the second husband is available to drive the mother to her medical appointments. She also has two other adult children in California to assist her. On this record, we cannot agree that the BIA abused its discretion in concluding that "[a]lthough undoubtedly his family members here in the United States would experience hardship if he returned to the Philippines, it does not appear that it would exceed the hardship mornally experienced when adult family members live distant from each other."

1. When weighing factors in favor of an application for a waiver of deportability, the BIA takes into account the various hardships that would be endured by family members who are United States citizens, including non-financial assistance and care provided by the applicant. *In re Tijam,* Interim Decision 3372, 1998 BIA LEXIS at 11–12. In the case

before us, Mr. Muncal–Clemente, a tax auditor for the State of California, presented evidence that his 77 year-old mother, who suffers from arthritis, dizzy spells, and cataracts, would experience hardship above and beyond that of a normal adult were he to be deported. Most notably, Mr. Muncal–Clemente, who has lived with his mother since his arrival in the United States, cares for her by driving her to her medical appointments, taking off work to accompany her to the hospital in medical emergencies, picking up her medications, driving her to church, performing various household chores, and providing financial support. The record reveals that Mrs. Clemente's husband is not always able to drive her because he suffers from back problems. The record also reveals that of Mrs. Clemente's three children in the United States, Mr. Muncal–Clemente is the only child who assists her financially and drives her to her appointments. When asked if she would experience hardship if her son were deported, Mrs. Clemente replied "nobody is going to . . . assist me in whatever I have to do."