**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MENTHER IBRAHEEM MUHAMD, AKA
Mundhir Ibrahim Al Sabawi,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-72311

Agency No. A212-383-029

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 3, 2020
Seattle, Washington

Before:  McKEOWN and VANDYKE, Circuit Judges, and CALDWELL,[**]
District Judge.

Menther Ibraheem Muhamd, a native and citizen of Iraq, petitions for review

of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") determination that he is removable for being inadmissible at the time

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Karen K. Caldwell, United States District Judge for
the Eastern District of Kentucky, sitting by designation.

of entry and denial of his applications for a waiver of inadmissibility, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review agency factual findings and determinations of mixed questions of law and fact for substantial evidence," and legal questions de novo. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009).

Substantial evidence supports the BIA's conclusion that the Department of Homeland Security ("DHS") established Muhamd's removability by "clear, unequivocal, and convincing evidence." *Forbes v. I.N.S.*, 48 F.3d 439, 441–42 (9th Cir. 1995) (citing *Hernandez-Robledo v. INS*, 777 F.2d 536, 539 (9th Cir. 1985) and 8 U.S.C. § 1182(a)(19) (1977)); *see* 8 U.S.C. § 1229a(c)(3)(A). A noncitizen is removable from the United States if, at the time of entry, he procured admission or other benefit under the Immigration and Nationality Act by willfully misrepresenting a material fact. *See* 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A). A misrepresentation is willful if "deliberate and voluntary" and material if it has "a natural tendency to influence the decisions" of the agency. *Forbes*, 48 F.3d at 442 (citation omitted).

Substantial evidence supports the BIA's conclusion that DHS established by clear and convincing evidence that Muhamd made a misrepresentation that was

2

both willful and material. With respect to the willfulness of Muhamd's misrepresentation, Muhamd does not contest that he failed to list all his siblings on his refugee resettlement application. Rather, in response to a request that he list all his siblings, Muhamd provided his ration card, which listed only Muhamd, his mother, and one brother. Certified Arabic interpreters conducted the interviews at which family information was solicited from Muhamd, and the application clearly requested "all immediate biological and legal parents, spouses, children and siblings." Muhamd subsequently affirmed that his application and the attached family tree—listing only Muhamd, his mother, and one brother—were true, and the IJ and BIA were entitled to rely on the presumption that an "applicant's signature establishes . . . aware[ness] of the contents of the application." 8 C.F.R. § 1208.3(c)(2). Muhamd's contention that he understood the official to be inquiring as to whom he was living with, and thus provided his ration card for that reason, is further belied by the fact that the family tree attached to his refugee application included his deceased father—who was *not* listed on his ration card.

With respect to materiality, the omission of his other siblings from his refugee application necessarily entailed omission of brothers whom FBI reports linked to terrorism. Such an omission is undoubtedly material, as Muhamd conceded before the BIA.

The BIA did not err in according weight to the FBI reports and relying on them to sustain the charge of removability against Muhamd and to deny other forms of relief. "[T]he agency is entitled to weigh conflicting evidence," and here the "agency weigh[ed] conflicting evidence in a manner that is . . . supported by substantial evidence." *Singh v. Holder*, 753 F.3d 826, 835, 837 (9th Cir. 2014). Internal consistencies across the FBI reports reflect that Muhamd was able to communicate with the interviewing agents—both with and without an interpreter— and that the reports accurately reflected his interviews with those agents.

Nor did the BIA commit error in upholding limitations on cross-examination regarding the FBI reports. Muhamd was afforded a reasonable and meaningful opportunity to cross-examine the FBI witness and test the evidence against him. *See Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir. 2005).

Finally, substantial evidence supports the agency's denial of CAT protection because Muhamd failed to show he will more likely than not be tortured by or with the consent or acquiescence of the government if returned to Iraq. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We need not determine whether Muhamd failed to exhaust his claim that he would be tortured by Iraqi security forces as a suspected ISIS member if he returned to Iraq, because consideration of this claim does not alter our conclusion that substantial evidence supports the agency's denial of CAT protection.

4

**PETITION DENIED.**[1]

---

[1] Muhamd's motion for a stay of removal pending the adjudication of his petition for review (Dkt. Nos. 1 and 10) is denied as moot.